IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BILLY HOLMES, A/K/A BILLY RICHARDS, § § *Petitioner*, § § v. § § SHERIFF ADRIAN GARCIA, § § *Respondent*. § | CIVIL ACTION NO. H-09-1241 |

**ORDER OF DISMISSAL**

Petitioner Billy Holmes, a/k/a Billy Richards, a state inmate currently confined in the Harris County Jail, files this section 2254 habeas petition challenging the state court's dismissal of his most recent applications for state habeas relief for abuse of the writ. He further challenges his 1980 aggravated robbery conviction and sentence.

Based on consideration of the petition, matters of public record, and the applicable law, the Court DISMISSES this petition for the reasons shown below.

*Background and Claims*

Petitioner reports that he was convicted of aggravated robbery in 1980 and sentenced to life imprisonment. Public records show that he filed several state habeas applications challenging the conviction. The Texas Court of Criminal Appeals denied petitioner's first application on the merits in 1983. *Ex parte Richards/Holmes*, WR-12,098-02. The second application for habeas relief was denied in 1987 as an abuse of the writ. *Ex parte*

*Richards/Holmes*, WR-12,098-05. The Texas Court of Criminal Appeals refused to consider petitioner's subsequent applications filed in 1994, 2006, 2008, and 2009, citing abuse of the writ. *Ex parte Richards/Holmes*, WR-12,098-06, -09, -11, -12.

Petitioner's section 2254 petitions for federal habeas relief regarding the 1980 conviction were denied on the merits, *Holmes v. Lynaugh*, C.A. No. H-88-1118 (S.D. Tex. 1991), or dismissed as unauthorized successive petitions. *Holmes v. Scott*, C.A. No. H-94-3744 (S.D. Tex. 1995); *Holmes v. Johnson*, C.A. No. H-97-1486 (S.D. Tex. 1997); *Holmes v. Quarterman*, C.A. No. H-07-0357 (S.D. Tex. 2007) (partial dismissal).

In the instant case, petitioner claims that, by dismissing his 2006 and 2009 applications for abuse of the writ, the Texas Court of Criminal Appeals denied him due process and access to courts. He further claims that his aggravated robbery conviction is void for lack of jurisdiction.

*Analysis*

*Failure to State a Cognizable Habeas Claim*

Petitioner complains that, by dismissing his 2006 and 2009 habeas applications for abuse of the writ under Section 4 of Article 11.07, Texas Code of Criminal Procedure, the Texas Court of Criminal Appeals denied him access to courts and due process of law.

Petitioner has identified no Supreme Court precedent, no Fifth Circuit precedent, and no precedent from this Court holding that, in context of a non-capital state conviction, a procedural defect (even of a constitutional dimension) occurring during a state habeas corpus

proceeding gives rise to a claim for federal habeas corpus relief. This is not surprising, as few principles have been more consistently applied by the Fifth Circuit than the well-settled rule that complaints about alleged constitutional violations occurring during the course of state habeas corpus proceedings do not give rise to a legal basis for federal habeas corpus relief. *See Brown v. Dretke*, 419 F.3d 365, 378 (5th Cir. 2005) (holding that alleged infirmities in state habeas proceedings are not grounds for federal habeas relief); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) ("It is axiomatic that infirmities in state habeas proceedings do not constitute grounds for federal habeas relief. This is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotations omitted); *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001) (same).

Consequently, petitioner's habeas challenge to the state court's dismissals of his 2006 and 2009 habeas applications for abuse of the writ is DISMISSED for failure to state a cognizable ground for federal habeas relief.

*Unauthorized Successive Habeas Petition*

Under the gatekeeping provisions of 28 U.S.C. § 2244,

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1)  A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2)  A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

   (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

   (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A)  Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Section 2244 does not define what constitutes a second or successive habeas petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). However, the Fifth Circuit has held that a habeas petition is not successive solely because there was a previous habeas action. *Id.*; *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A petition is successive if it consists of claims challenging the petitioner's conviction or sentence that were or could

have been raised in an earlier petition; or if it otherwise constitutes an abuse of that writ. *Id*.; *Crone v. Cockrell*, 324 F.3d 833 (5th Cir. 2003).

With respect to petitioner's instant jurisdictional challenge to the validity of his 1980 conviction, it is clear that such challenge has been presented to and rejected by the federal district courts on more than one occasion. *See Holmes. v. Quarterman*, C.A. No. H-07-0357 (S.D. Tex. 2007); *Holmes v. Johnson*, C.A. No. H-97-1486 (S.D. Tex. 1997). The primary purpose of section 2244(b) is to prevent petitioners, such as petitioner here, from repeatedly attacking their convictions and sentences after they have had a fair opportunity to do so. *See United States v. Key*, 205 F.3d 773, 775 (5th Cir. 2000). Neither petitioner nor public records for the Fifth Circuit reveal that petitioner is authorized to pursue this successive habeas claim, and this Court is without jurisdiction to consider his claim.

Consequently, petitioner's habeas challenge to the validity of his 1980 state conviction is DISMISSED for lack of jurisdiction as an unauthorized successive petition.

*Conclusion*

Accordingly, petitioner's claims regarding the denials of his 2006 and 2009 state habeas applications are DENIED for failure to state a cognizable habeas claim. Petitioner's challenge to the validity of his 1980 aggravated robbery conviction is DISMISSED for lack of jurisdiction as an unauthorized successive petition. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on June 11, 2009.

_____
Gray H. Miller
United States District Judge